FILED
10/13/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 1, 2022

**IN RE NASH M.**

**Appeal from the Chancery Court for Knox County**
**No. 198513-2        Clarence E. Pridemore, Jr., Chancellor**

_____

**No. E2021-01126-COA-R3-PT**
_____

Mother appeals the termination of her parental rights. Because of the lack of a sufficiently complete record on appeal, we vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Andrew J. Crawford, Knoxville, Tennessee, for the appellant, Kelsie M.

Meghan A. Bodie, Knoxville, Tennessee, for the appellees, Michael H. and Chelsea H.

Joshua E. and Michele E., Knoxville, Tennessee, Pro se.[1]

**MEMORANDUM OPINION[2]**

**BACKGROUND AND PROCEDURAL HISTORY**

Kelsie M. is the mother ("Mother") of the minor child at issue in this case, Nash M.

_____

[1] Joshua E and Michele E. did not file a brief.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Child").[3]  On or about December 6, 2018, a "Petition for Adjudication of Dependency & Neglect and for Temporary Legal Custody" was filed by the Department of Children's Services ("DCS").[4]  On May 22, 2019, the Juvenile Court entered a "Final Order of Adjudication and Disposition," finding Child to be severely abused by Mother pursuant to Tennessee Code Annotated section 37-1-102(b)(27).  On July 31, 2019, a "Petition for Adoption and Termination of Parental Rights" was filed in the Chancery Court of Knox County by private parties.[5]  On April 6, 2021, an order finding grounds for termination was entered by the trial court based on the Juvenile Court's prior order ruling that Mother had committed severe child abuse.  The trial was thereafter continued and ultimately resumed on August 12 and 13, 2021.  The trial court subsequently entered a final order finding that the termination of Mother's parental rights was in Child's best interests.  This appeal followed.

## DISCUSSION

Before we can address Mother's appeal on the merits, we are first compelled to address our concerns regarding the sufficiency of the appellate record insofar as it pertains to our ability to conduct an adequate review on appeal.  Specifically, the record on appeal does not contain either a transcript of the termination proceedings or a statement of the evidence.  As we will discuss in further detail below, we do not find the record to be of sufficient completeness such as to permit adequate appellate review of the compelling parental interests now at stake.  "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one," *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628, at *4 (Tenn. Ct. App. Aug. 16, 2000) (quoting *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981)), and as this Court has previously noted, "the constitutional implications of a termination proceeding **require** a record of sufficient completeness to permit proper appellate consideration of the parent's claims." *In re J.M.C.H.*, No. M2002-01097-COA-R3-JV, 2002 WL 31662347, at *4 (Tenn. Ct. App. Nov. 26, 2002) (emphasis added).

The propriety of reviewing termination matters that lack a transcript in the appellate

---

[3] This Court has a policy of protecting the identities of parties involved in parental termination cases.

[4] Upon reviewing the record, we note that several key documents appear to be missing, including a copy of this petition, thus hindering our review. We have gleaned the pertinent facts from other pleadings and the trial court's later orders.  Moreover, we note that neither Mother's brief nor the appellees' brief appropriately cite to the appellate record in support of their recitation of the facts, as clearly required by the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 27(a)(6) (providing that the appellant's brief shall contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record"); Tenn. R. App. P. 27(b) (providing that the brief of the appellee shall, subject to certain exceptions, conform to the requirements in Tenn. R. App. P. 27(a)).

[5] Appellees Michael H. and Chelsea H. are co-petitioners seeking termination of Appellant's parental rights and adoption.  According to the record, Appellees Joshua E. and Michele E. are the current custodians of Child and joined in the petition as co-petitioners.

record has been a frequent subject of appellate discourse, including cases where a statement of the evidence *is* available. In *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628 (Tenn. Ct. App. Aug. 16, 2000), "this Court stopped just short of holding that a Statement of the Evidence never will be sufficient for proper appellate review in a parental rights termination case and that a transcript always must be provided." *L.D.N. v. R.B.W.*, No. E2005-02057-COA-R3-PT, 2006 WL 369275, at *5 (Tenn. Ct. App. Feb. 17, 2006). Instead, the dispositive question turns on whether the record is of "sufficient completeness to permit proper appellate consideration of the" issues before the Court. *In re J.M.C.H.*, 2002 WL 31662347, at *4 ("The lack of a transcript or a sufficiently complete statement of the evidence prevents our review of the evidence to determine whether it supports or preponderates against the trial court's findings and prevents our application of the clear and convincing evidence standard."). Although, as noted earlier, the absence of a transcript alone will not automatically render a record incomplete, this Court has previously stated that "a parental rights termination case where a Statement of the Evidence would be sufficient would be **extremely rare**." *L.D.N.*, 2006 WL 369275, at *5 (emphasis added).

Here, we have neither a transcript nor a statement of the evidence in the record on appeal. In light of this circumstance, we find the appellate record before us is incomplete and prevents us from conducting a meaningful review of the termination of Mother's parental rights. Accordingly, we vacate the trial court's judgment and remand the case for the trial court to develop a sufficiently complete record, consisting of either a transcript of the proceedings or a statement of the evidence sufficiently detailing the evidence that was presented at trial to support its findings of fact and conclusions of law. However, we caution the trial court, as we noted earlier, that in only extremely **rare** circumstances will a statement of the evidence in a parental termination case be sufficiently complete such as to allow for proper appellate review. *Id.*

While it appears from one filing in the appellate record that there may have been a court reporter present for this matter, no transcript of the proceedings has been presented to this Court. If a court reporter was indeed present at the trial, the trial court may order the preparation of a full transcript of the prior proceeding.[6] This is well within the trial court's power as, "[e]ven in a case such as the one before us involving a termination petition brought by private parties, the state is required to provide a record because state action is invoked by asking a court to end a parental relationship." *In re Adoption of J.D.W.*, 2000 WL 1156628, at *7 n.5. Once this transcript is prepared, the trial court may then enter a new order on the case to terminate Mother's parental rights. In the event that a transcript or a detailed statement of the evidence is *not* available for whatever reason, the

---

[6] In light of our discussion contained herein, it is pertinent to note that, "[i]f the parent whose rights are to be terminated is indigent, then the trial court must ensure that such a record is created and made available to a parent who seeks to appeal." *In re J.M.C.H.*, 2002 WL 31662347, at *4. The record in this case indicates that Mother was indigent and was afforded appointed counsel.

trial court shall conduct a new trial and consider such evidence available at that time. In remanding this case, we recognize "that lives do not stand still during the appellate process," and therefore, "we expressly authorize the trial court to hold an additional hearing on remand if necessary," *see In re Neveah W.*, 525 S.W.3d 223, 252 (Tenn. Ct. App. 2017), for the purpose of taking additional proof.

## CONCLUSION

Based on the foregoing, we vacate the trial court's order terminating Mother's parental rights to the minor child and remand for proceedings consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE